IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DEBBIE DUCK, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:06-1584-CMC-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on July 17, 2003, alleging disability as of June 17, 2003 due to bladder disease, carpal tunnel syndrome, back pain, headaches, anxiety, and depression. (R.pp. 55, 58, 82, 215, 225-226). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ),

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g) (2000).



which was held on July 1, 2005. (R.pp. 198-239). The ALJ thereafter denied Plaintiff's claim in a decision issued January 26, 2006. (R.pp. 14-17). The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 6-9).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642.

2



"[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was forty-three (43) years old when she alleges her disability began, has a high school education with past relevant work experience as an assembly line worker, order filler, and customer service representative. (R.pp. 55, 67-76, 205, 210-214). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that Plaintiff's impairments were not "severe" under the Social Security regulations,[2] and that Plaintiff was therefore not under a disability as defined by the Social Security Act.

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to properly assess her pain, including failing to make adequate credibility findings, set forth essential supporting specific findings and giving a proper analysis for his decision; and by failing to properly discuss the relevant evidence and consider the total impact Plaintiff's combination of impairments had on her ability to work. After careful review and consideration of the evidence and arguments presented, the

---

[2] An impairment is "severe" only if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a) ["An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities"]; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

3



undersigned is constrained to agree with the Plaintiff that the ALJ failed to properly assess Plaintiff's medical condition in finding that Plaintiff does not suffer from a severe impairment, and that remand of the case for further proceedings is therefore required.

Plaintiff's main claim for DIB relates to her diagnosed interstitial cystitis.[3] There is no question that Plaintiff suffers from this affliction, and that she also has a history of carpal tunnel syndrome and other complaints. However, the question before the Court is not whether Plaintiff has or is suffering from these impairments, but whether substantial evidence supports the ALJ's finding that Plaintiff's impairments are not of a disabling severity. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) [the mere presence of impairments does not automatically entitle a claimant to disability benefits, there must be a showing of related functional loss]; Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual function limitations]. While the undersigned agrees with the ALJ's findings with respect to Plaintiff's carpal tunnel syndrome and other complaints, the record does not contain substantial evidence to support the ALJ's finding with respect to the severity of Plaintiff's interstitial cystitis.

Plaintiff's medical record reflects that she has received treatment for her interstitial cystitis from urologist Dr. Douglas DeVore since 2002. In February 2003, Dr. DeVore noted that the prescription drug Elavil had produced a "dramatic" improvement in Plaintiff's condition, although she still had "frequency and urgency". Dr. DeVore gave Plaintiff a physician's statement

---

[3]Interstitial cystitis (IC) "is a complex chronic bladder disorder characterized by urinary frequency, urinary urgency, and pelvic pain. . . . The symptoms of IC may vary in incidence, duration, and severity. The causes of IC are currently unknown, and treatments are directed towards relief of symptoms. . . .". SSR 02-2p.



indicating that she had a temporary impairment in her mobility so that she could obtain a handicapped parking sticker; (R.p. 128); however, Plaintiff continued to work with this condition. (R.pp. 69-70). By March 2003, Dr. DeVore noted that Plaintiff's interstitial cystitis was continuing to respond to medical treatment, that her nocturia[4] had been "completely eliminated", and that she had "[i]mproved urinary frequency". (R.p. 125).

However, on June 23, 2003 (six days after Plaintiff's alleged disability onset date), Plaintiff reported to Dr. DeVore that her symptoms had returned and were "as bad [ ]as ever". (R.p. 124). This resulted in Plaintiff undergoing a cystoscopy and hydraulic distention of the bladder on August 29, 2003, following which she had no incontinence with thirty to sixty minute intervals between daytime voidings. (R.p. 116). A CT scan performed on February 5, 2004 showed that Plaintiff's urinary bladder was within normal limits and that her gastrointestinal tract was unremarkable, with no evidence of obstructive uropathy or nephro-ureterolithiasis. (R.p. 152). There is no record of Plaintiff receiving any treatment thereafter until March 2005, when she began being seen by family practitioner John Cotter of New Horizon Family Health Services, Inc. (R.p. 177). Plaintiff advised Dr. Cotter that she had been unable to work since June 2003, and claimed "total disability". (R.p. 189).

With respect to the remainder of Plaintiff's complaints, the record reflects that Plaintiff underwent bilateral carpal tunnel and trigger release surgeries in 2001 and 2002, and thereafter returned to work in June 2002. (R.pp. 107-108, 113). In a comprehensive upper extremity evaluation performed September 17, 2002, the examiner felt that Plaintiff was possibly exhibiting

---

[4]Nocturia is defined as excessive urination at night. Dorland's Illustrated Medical Dictionary, (28th ed. 1994), p. 1142.

5



"sub-maximum voluntary effort"; (R.pp. 104-105); and on September 26, 2002 Plaintiff was given an impairment rating of 5% with respect to both her right and left hands. (R.p. 103). See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) [claimant's lack of effort on examination supported ALJ's decision]; *cf.* Waters v. Gardner, 452 F.2d 855, 858 (9th Cir. 1971) [concluding that a whole person impairment rating of less than thirty (30%) percent was inconsistent with allegations of disability]. Plaintiff thereafter continued to work full-time. (R.pp. 69-70). As for Plaintiff's complaints of back pain and anxiety, treatment for these conditions has been minimal. (R.pp. 95, 139-142, 176-192). See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) [conservative treatment not consistent with allegations of disability].

A state agency physician reviewed Plaintiff's medical records in March 2004 and concluded that Plaintiff did not have any severe physical impairments. (R.pp. 158-161). Similarly, a state agency psychologist concluded after review of Plaintiff's medical records that she did not have any severe mental impairment. (R.pp. 162-175).

The ALJ reviewed this medical record as well as Plaintiff's subjective testimony and found that none of Plaintiff's impairments were "severe" as defined in 20 C.F.R. § 404.1520(b),[5] and that Plaintiff was therefore not disabled. See Yuckert, 482 U.S. at 146, n. 5 [Plaintiff bears the burden of showing that she has a severe impairment]; see also SSR 85-28 [severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities

---

[5]Under § 404.1521(b), in order to be "severe", an impairment or combination of impairments must significantly limit a claimant's physical or mental ability to do basic work activities, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual working conditions; and dealing with changes in a routine work setting.



required in most jobs]. While acknowledging Plaintiff's problems with interstitial cystitis, the ALJ noted that Plaintiff used pads for any intermittent urinary incontinence caused by this condition, and that while obviously inconvenient, having problems with frequency and urgency was not in itself disabling, noting Plaintiff's last post-op report from September 2003 which reflected that Plaintiff herself indicated that she had thirty to sixty minute intervals between daytime voidings. (R.pp. 16, 116).

The undersigned certainly agrees with the ALJ's findings with respect to Plaintiff's complaints of back pain, anxiety, and carpal tunnel syndrome. As previously noted, Plaintiff has only been given a 5% impairment rating with respect to the use of her hands, while Plaintiff's treatment for back pain and anxiety as reflected in the medical evidence has been minimal. (R.pp. 95, 103-105, 107-108, 113, 139-142, 176-192). Robinson, 956 F.2d at 840 [conservative treatment not consistent with allegations of disability]; Waters, 452 F.2d at 858 [concluding that a whole person impairment rating of less than thirty (30%) percent was inconsistent with allegations of disability]; Mickles, 29 F.3d at 929-930 [lack of treatment supported ALJ's finding that impairment was not disabling]; Yuckert, 482 U.S. at 146, n. 5 [Plaintiff bears the burden of showing that she has a severe impairment].

However, with respect to Plaintiff's interstitial cystitis the undersigned does not find that the ALJ's conclusion that this condition was not a "severe" impairment is supported by substantial evidence. The evidence reflects that Plaintiff's bladder condition substantially diminishes her quality of life; see (R.p. 156); and the ALJ himself acknowledged that Plaintiff's condition would require her to void every thirty (30) to sixty (60) minutes during the course of a work day. (R.pp. 16, 116). While the question of whether this condition alone is of *disabling* severity may be problematic,

7



the undersigned finds that the ALJ's conclusion that this condition was not even a "severe" impairment for purposes of further consideration of Plaintiff's claim of disability was error and is not supported by substantial evidence in the record. 20 C.F.R. § 404.1521(a) [an impairment is severe when it is more than a slight abnormality that has more than a minimal effect on the ability to do basic work activities]; see Cruz v. Bowen, 643 F.Supp. 1088, 1089, 1092 (D.Mass. 1986) [finding that claimant suffering from interstitial cystitis and who had to void every one to two hours had a severe impairment under the Social Security regulations]; Oginsky v. Chater, No. 94-75315, 1995 WL 871203, *4 (E.D.Mich. November 27, 1995) [finding that claimant suffering from interstitial cystitis and who had to void 10 to 15 times over a 14 hour period had a severe impairment under the Social Security regulations]; *cf.* Caudill v. Barnhart, No. 05-47, 2006 WL 2919010, at *11 (W.D.Va. October 12, 2006) [case reversed and remanded where ALJ found interstitial cystitis was not a severe impairment].

On remand, the ALJ will be able to reconsider and reevaluate the medical evidence, review the question of whether Plaintiff is disabled as a result of this severe non-exertional impairment, as well as obtain vocational expert testimony if necessary. See Dewey v. Barnhart, No. 05-3329, 2006 WL 1109767 (10th Cir. April 27, 2006) [case remanded where the medical evidence did not support ALJ's RFC finding]; Fenton v. Apfel, 149 F.3d 907, 910 (8th Cir. 1998) ["The Secretary is required to produce vocational expert testimony concerning availability of jobs which a person with a claimant's particular characteristics can perform, if his or her characteristics do not match those in the regulations, either because of suffered non-exertional impairments, or because he or she is precluded from performing a full range of a particular work classification, or for any other reason."].

8



With respect to Plaintiff's complaint that the ALJ did not properly consider the effects of her impairments in combination, on remand the ALJ can reconsider and reevaluate Plaintiff's credibility and the entire medical record as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [On remand, the ALJ's prior decision has no preclusive effect, as the new hearing is conducted *de novo*].

## **Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for consideration of whether Plaintiff is disabled due to severe interstitial cystitis, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993); Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 19, 2007

