IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DEBBIE A. DUCK            ) | C/A No. 0:06-1584-CMC-BM |
|           Plaintiff,         ) | |
| v.                          ) | |
|                               ) | **O R D E R** |
| MICHAEL J. ASTRUE,                  ) | |
| Commissioner of Social Security Administration,  ) | |
|           Defendant.       ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court. For the reasons set forth below, the court adopts the Report. The court, therefore, remands the matter to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court as to dispositive matters. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge found substantial support for many aspects of the Commissioner's decision but, nonetheless, recommended that the decision of the Commissioner be reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) because the Commissioner had failed to

properly consider whether Plaintiff was disabled due to severe interstitial cystitis. Defendant objects to the Magistrate Judge's recommendation, arguing that the Commissioner's error, if any, was harmless because there was substantial evidence supporting the Commissioner's ultimate conclusion that Plaintiff was not disabled by any condition she might suffer.

After careful review of the record, the undersigned concludes that while there may be sufficient evidence to support the Commissioner's ultimate conclusion, the court cannot conclude that the Commissioner would, necessarily, reach the same result when proper consideration is given to the nature of Plaintiff's interstitial cystitis. The court, therefore, concurs with the recommendation made by the Magistrate Judge as well as the reasoning set forth in the Report.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and reverses the decision of the Commissioner, remanding the matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion and the Report and Recommendation which is adopted as the opinion of this court.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2007